Image ID: D00414774D01

**SUMMONS**

Doc. No. 414774

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Magdiel Blair v. Capstone Consulting, Inc.

Case ID: CI 16    8887

TO:  Capstone Consulting, Inc.

You have been sued by the following plaintiff(s):

   Magdiel Blair

Plaintiff's Attorney:   Ryan J Lewis
Address:                10404 Essex Ct., #100
                        Omaha, NE 68114

Telephone:              (402) 391-1697

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: OCTOBER 19, 2016      BY THE COURT:  *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Capstone Consulting, Inc.
c/o James H Richards
11218 John Galt Blvd, Ste 300
Omaha, NE 68127

BY: Douglas County Sheriff
Method of service: Personal Service

I hereby certify that this is a true
copy of the original writ with all
the returns endorsed thereon.
TIMOTHY F. DUNNING
Sheriff

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.



EXHIBIT A

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI160008887
Transaction ID: 0004390040
Filing Date: 10/19/2016 12:41:06 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| MAGDIEL BLAIR, | ] | CI 16- 8887 |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | COMPLAINT |
| | ] | |
| CAPSTONE CONSULTING, INC | ] | |
| | ] | |
| Defendant. | ] | ASSIGNED TO Polk |

## JURISDICTION & VENUE

1. Suit is brought and jurisdiction lies pursuant to the following theories of recovery:

   a. Nebraska Law at Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act).

   b. Section 107(a) of the Americans with Disabilities Act (ADA);

   c. '706 of Title VII of the Civil Rights Act of 1964, as amended;

   d. 42 U.S.C. '2000(e) for discrimination in employment based upon sex and religion; as amended;

   e. Wrongful Discharge from Employment including violation of public policy and denial of due process; and

   f. Retaliation.

2. Venue is proper in this Court pursuant to Neb. Rev. Stat 25-403.01.

3. All conditions precedent to the above jurisdiction has occurred or been complied with.

4. A charge of employment discrimination on the above cited bases was filed with the Equal Employment Opportunity Commission (EEOC) and the Nebraska Equal

1

   Opportunity Commission (NEOC) within 180 days of the acts of unlawful employment practices alleged herein.

5. On or about July 21, 2016, the plaintiff received a Letter from the U. S. Equal Employment Opportunity Commission, dated July 21, 2016, providing plaintiff with Notice of His Right to Sue.

6. This Complaint has been filed within 90 days of the receipt of the Notification of Right to Sue.

## PARTIES

7. The plaintiff is, and at all times relevant to the actions complained of here has been, a resident of Omaha, Douglas County, Nebraska and presently resides in this city.

8. The defendant, Capstone Consulting, Inc. is incorporated under the laws of the State of Nebraska, with its principal place of business in the State of Nebraska and doing business in Omaha, Douglas County, Nebraska.

## FIRST CLAIM FOR RELIEF
VIOLATION OF Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act);
and
AMERICANS WITH DISABILITIES ACT

9. Defendant is a person within the meaning of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act); '101(7) of the ADA, 42 U.S.C. '12111(7); and '701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e.

10. Defendant is engaged in an industry that affects commerce within the meaning of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act); '101(7) of the ADA, 42 U.S.C. '12111(7), and '701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e.

2

11. Defendant employs 15 or more employees and is an employer within the meaning of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) ' 101(5)(A) of the ADA, 42 USC ' 12111(5)(A).

12. On August 3, 2015, the plaintiff was hired by the defendant; at all times relevant to the actions complained here, the plaintiff was an employee of the defendant.

13. Throughout his employment by the defendant, the plaintiff met all applicable job qualifications, was qualified for the position which he held, and performed the job in a manner which fully met the defendant's legitimate expectations.

14. From March 20, 2014 to present Plaintiff was an individual with a disability within the meaning of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) and Section 3(2) of the ADA, 42 U.S.C. ' 12102. More particularly, he had a physical impairment, HIV/AIDS that substantially limited one or more of his major life activities, had a record of such impairment (diagnosed by a doctor), and defendant perceived him with such impairment.

15. Plaintiff was a qualified individual with a disability as that term is defined in Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) and ' 101(8) of the ADA, 42 U.S.C. ' 12111(8). More specifically, Plaintiff was an individual who, with reasonable accommodation, could perform the essential functions of his job with defendant.

16. Plaintiff made oral and written request to defendant for accommodation on throughout his employment that he be allowed to work from is home as other employees were allowed to do.

17. Despite Plaintiff's request, defendant refused to make reasonable accommodation

3

for him.

18. Defendant's failure to make reasonable accommodation to Plaintiff's physical disability constituted discrimination against him with respect to the terms, conditions, or privileges of employment. Defendant's actions constituted a violation of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) and '102(b)(5)(8) of the ADA, 42 U.S.C. '12112(b)(5)(A).

19. Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation with Plaintiff.

20. Defendant in response to Plaintiff's requested accommodation fired him on November 23, 2015, thereby obviating the need for further action by defendant to accommodate.

21. In all of the above referenced actions, Defendant acted with malice or with reckless indifference to the sate federally protected rights of the Plaintiff.

22. As a direct and proximate result of Defendant's discrimination and retaliation against the Plaintiff, he lost gainful employment, and has lost, and continues to lose, income and benefits that are rightfully due and owing to him.

### SECOND CLAIM FOR RELIEF
### SEX, RELIGION and HIV/AIDS DISCRIMINATION IN EMPLOYMENT

23. Plaintiff incorporates paragraphs 1 thru 22.

24. When discharged by the defendant, the plaintiff was a homosexual; plaintiff did not share the Defendant's religious beliefs; plaintiff had been diagnosed with HIV/AIDS. The Defendant knew of the Plaintiff's sexual orientation, religious beliefs and diagnosis.

4

25. The defendant refused to retain the plaintiff because of his sexual orientation, religious beliefs and diagnosis.

26. The defendant treated employees not in the protected class more favorably.

27. The plaintiff was discharged while employees not in the protected class were retained.

28. The defendants violation of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) and 42 U.S.C. '2000(e) was willful.

29. The defendant's violation of Neb. Rev. Stat. '48-1101 et seq. (Nebraska Fair Employment Practices Act) and 42 U.S.C. '2000(e) has proximately caused the plaintiff to suffer damages.

### THIRD CLAIM FOR RELIEF
### WRONGFUL DISCHARGE FROM EMPLOYMENT

### FOURTH CLAIM FOR RELIEF
### RETALIATION

30. Plaintiff incorporates paragraphs 1 thru 29.

31. Plaintiff accepted employment with defendant with an understanding that he would be discharged only for just cause and only in accordance with specified procedures.

32. Plaintiff was afforded no due process in regard to his termination from employment.

33. The plaintiff was due good faith and fair dealing by defendant that is public policy; the plaintiff was protected by that public policy and defendant's motivation in firing plaintiff violated that public policy.

34. All acts by defendant were in retaliation of plaintiff's protected rights and are subject to exemplary damages imposed for defendant's conduct.

## RELIEF REQUESTED

1. Find and hold that plaintiff has suffered from defendants acts of discrimination on the basis of disability;

2. Find and hold that plaintiff has suffered from defendant's acts of discrimination on the basis of sex, religion and HIV/AIDS diagnosis;

3. Find that plaintiff was constructively and wrongfully discharged and such discharge was in retaliation.

4. Order that plaintiff be awarded the back pay and benefits he would have earned, with interest thereon, had he not had fired as of November 23, 2015.

5. Award plaintiff the front pay and benefits that he would have earned for a reasonable time had he not been improperly discharged;

5. Award plaintiff compensatory damages in an amount to be determined at trial;

6. Award plaintiff attorney fees, litigation expenses, and the costs of this action;

7. Award plaintiff such other relief as is just and meet.

8. Plaintiff requests a trial by Jury.

MAGDIEL BLAIR,
Plaintiff,

By _____
Ryan J. Lewis, #22108
KATSKEE, SUING & MAXELL PC LLO
10404 Essex Court, Suite 100
Omaha, NE 68114-3746
(402) 391-1697
E-mail: ryan@katskee.com
Attorney for the Plaintiff